IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 2 7 2014

JAMES N. ~~~ IEN, Clerk
BY: ~~~~~
Deputy Clerk

ROSELINE CHARLES,
      Plaintiff,          )

vs.                      )

CHRISTIANA TRUST, A DIVISION
OF WILMINGTON SAVINGS FUND     )   Civil No.1:14-CV-3398
SOCIETY, FSB, AS TRUSTEE FOR
STANWICH MORTGAGE LOAN TRUST,
SERIES 2013-7 and CARRINGTON     )
MORTGAGE SERVICES, LLC,
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, and McCalla Raymer,
LLC.,
      Defendants,       )

### *** CORRECTED*** [1]
### COMPLAINT (JURY TRIAL DEMANDED)

    Plaintiff complains of defendants and alleges as follows:

    This action is brought pursuant to OCGA 23-3-61 and O.C.G.A. 23-3-40 seeking to remove a cloud on the title to her real property and a decree that none of the defendants have rights, title or interests in the property for the reasons set forth hereafter. Additionally, based on the foregoing, plaintiff asserts her claim under the Fair Debt Collection Practices Act (F.D.C.P.A.) to the extent that defendants' attempted and continue to attempt to collect a debt despite a complete lack of

---

1  The initial Complaint filed failed to include the signature page.

ownership of her Promissory Note and the lack of a complete chain of title to her Security Deed, their conduct constitutes a violation of the FDCPA.

## FIRST CLAIM-QUIET TITLE

1.     On February 1, 2007, plaintiff executed an adjustable rate Note and Security Deed in favor of defendant Branch Banking and Trust Company ("BB&T") for property located at 1944 Acorn Lane, in Gwinnett County Georgia ("the property").

2.   The loan carried a high initial interest rate of 9.25% and plaintiff soon realized that she would need an adjustment not only because the interest rate was extremely high but also because plaintiff experienced a reduction in her income. As a result, plaintiff filed for Chapter 13 Bankruptcy protection.

3.   During the course of the bankruptcy proceedings, BB&T filed a Proof of Claim dated May 5, 2010, identifying itself as the secured creditor and attaching thereto a purported copy of plaintiff's Note and Security Deed. A copy of this Proof of Claim is attached hereto as **EXHIBIT A.**   Plaintiff however denies that the signatures appearing on these documents are her signatures.

4.    On September 27, 2010, BB&T filed in plaintiff's bankruptcy case a "Transfer of Claim Other Than for Security." By this transfer, BB&T transferred plaintiff's loan to Saxon Mortgage Services, Incorporated. **(EXHIBIT  B)**.

However, nothing in the Gwinnett County land records reflect this transfer to Saxon.

5.   Although BB&T had already transferred its Claim to Saxon by the above-referenced bankruptcy transfer, Gwinnett County land records contain another "Assignment" by BB&T dated July 25, 2012, whereby BB&T purportedly assigned plaintiff's Security Deed to FV-1, Inc., "in trust for Morgan Stanley Mortgage Capital Holdings LLC. The "Attorney in Fact" executing this transfer in behalf of BB&T, was Morgan Stanley Mortgage Capital Holdings LLC. **(EXHIBIT C).**

6.   As if completely oblivious to the fact that (1), BB&T had already filed a Proof of Claim referencing plaintiff's loan and Note and (2), that BB&T had already purportedly transferred that claim to Saxon in September 2010, Specialized Loan Servicing, LLC, as servicing agent for FV-I, Inc., "in trust for Morgan Stanley Mortgage Capital Holdings, LLC", filed a separate and different Proof of Claim in plaintiff's bankruptcy case on November 9, 2012. **(EXHIBIT D).**

7.   The supporting evidence attached to the Claim filed in behalf of FV-1, consisted of the exact same photocopies of plaintiff's purported Note and Security Deed which had been attached to the Claim of BB&T. Notably, the Note which is attached to the FV-1 Claim, had not been endorsed to FV-1 or any other entity-- nor was it endorsed in blank.

8.    Approximately eight months after the above referenced FV-1 Assignment of July 2012, a "Corrective Assignment" to FV-1 was recorded on March 5, 2013, referencing the previous assignment and which appears to be a correction to the reference to FV-1 "as trustee" for Morgan Stanley Mortgage Capital Holdings LLC., as opposed to the previous language referencing the assignment to FV-1 "in trust" for  Morgan Stanley Mortgage Capital Holdings LLC, **(EXHIBIT E).**

9.    Morgan Stanley Mortgage Capital Holdings LLC, acting as "Attorney in fact for BB&T", could not have transferred anything to FV-1 because there was nothing to transfer. BB&T had, more than a year earlier in September 2010, already filed a transfer of its Claim to Saxon Mortgage Services during plaintiff's bankruptcy.

10.    At some point and time, the defendant Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust 2013-7, claims to have acquired certain security interests regarding plaintiff's loan and property. Christiana had not demonstrated to plaintiff how it obtained such interest upon her request for that information nor had any assignment been received and recorded in the land records.

11.    Gwinnett County land records reveal no transfer or  assignment of plaintiff's Note or Security Deed to Christiana Trust in behalf of Stanwich or any other trust.

12.    There are thus multiple breaks in the chain of assignment of plaintiff's Note

and Deed and a substantial question as to whether defendant Christiana Trust has an assignment at all let alone a broken chain of assignments—as none appears of record.

13.   Because there exists a broken chain of the assignments and missing or non-existing assignments to plaintiff's Security Deed and Note which Christiana Trust claims to own or hold, the same are unenforceable by Christiana and Christiana either knows or should know, that it has no assignment whatsoever and/or no legally valid assignment and an unbroken chain of assignments of plaintiff's Note and Deed.

14.

> "  Under Georgia law, an assignee to a contract **must establish** that **there are no breaks in the chain of assignment** to demonstrate it is the real party in interest to bring a lawsuit. See, e.g., *Green v. Cavalry Portfolio Servs. LLC*, 305 Ga. App. 843, 843, 700 S.E.2d 741, 742 (2010) ("Because nothing in the record shows an assignment of the contract rights from Union Acceptance Corporation to Union Acceptance Company, LLC, there is a break in the chain of written assignments necessary to establish that CPS was the real party in interest to bring the suit on the contract.") (citing *Wirth v. Cach, LLC*, 300 Ga. App. 488, 685 S.E.2d 433 (2009)). This alone would be sufficient to sustain the Debtor's objections in this case, as there is no evidence whatsoever showing any link between the first and second assignees and between the third assignee and Capital Recovery, LLC. However, under Georgia law, Capital Recovery III, LLC, failed to properly establish any assignments. "

*In Re Stephens* (Bankr. M.D. Ga. 12-20-2010), 443 B.R. 225, *In Re: Dixie D. Stephens* CHAPTER 7, Debtor. United States Bankruptcy Court, M.D. Georgia.

CASE NO.: 09-40808-JTL., December 20, 2010. See also, *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 679 S.E.2d 57 (2009)

15.  Plaintiff has a duly recorded interest in her property by virtue of a Warranty Deed executed to her by Rising Homes, Inc., dated February 1, 2007, a copy of which is attached hereto as **EXHIBIT F** and the associated plat of survey attached as **EXHIBIT G**.

16.  Plaintiff is currently in possession of the property. The claims of right and title by Christiana Trust constitute a cloud on plaintiff's rights and title and she is entitled to have this cloud removed.

17.  Notwithstanding Christiana's total lack of any security interest and lack of ownership and/or legally valid ownership of plaintiff's Note in behalf of Stanwich or any other Trust, Christiana, acting by and through its purported mortgage servicer, Carrington Mortgage Services, LLC, attempted to collect on the instruments by sending plaintiff letters demanding payment and stating that she was in arrears of $430, 941 regarding a debt owed to Christiana Trust.  Carrington continued to send such letters and notices at various times within the past year.

18.  Georgia law further restricts the manner by which a promissory Note can be transferred or assigned if such assignment is to be valid. Specifically, Georgia requires that assignments (to be valid) must be made on the note itself or a

6

sufficient allonge if there is no room on the front or back of the note. This is explained by the court in *Tallahassee Bank & Trust vs Raines et al.*, 125 Ga. App. 263, 187 SE 2d. 320 (1972):

> "Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement . . . **An indorsement must be written . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof."** Code Ann. 109A-3--202. **This means that a separate paper pinned or clipped to an instrument is an insufficient indorsement.** The paper must be "so firmly affixed to the instrument as to become an extension or part of it. Such a paper is called an allonge."
> Comment 3 to 3-202 of the 1962 Official Text of the Uniform Commercial Code. Both Black's Law Dictionary and CJS define an allonge as a paper attached to a bill or note for the purpose of writing indorsements when there is no room on the instrument itself.
> **We believe the clear import of these sections precludes the separate assignment made by Vinson from operating as an indorsement of these notes. The record shows there was adequate room on both the front and back of these notes for his signature-- which is all that is necessary for an indorsement in blank."**

See also *Kensington Partners, LLC v. Beal Bank Nevada,* 311 Ga. App. 196, 715. S.E.2d 491 (2011).

19.

> "Under Georgia law, the party entitled to enforce a promissory note is the "holder" of the note. See O.C.G.A. § 11-3-301; 11-3-308. "A 'holder' of an instrument 'means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.'" *Salahat v. F.D.I.C.*, __ S.E.2d __, 2009 WL 1859165, *3 (Ga. App. June 30, 2009)."

*In re: Darlington*, No. 09-10691-WHD, U.S. Bankruptcy Court Northern District of

Georgia, Newnan Division [Doc. No. 30].

20.     Notwithstanding the complete lack of an endorsement of plaintiff's promissory note as required by and consistent with, Georgia commercial codes, defendants attempted to claim such rights at the various times noted herein and have attempted to enforce such instruments as well.

## SECOND CLAIM- Fair Debt Collection Practices Act

21.     Plaintiff incorporates the foregoing claim and allegations and further alleges that the FDCPA prohibits a debt collector from taking or threatening to take any action, namely engaging in collection activities, when such action cannot legally be taken. (1692 f(6). The FDCPA also prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt...". 1692e.

22.     Carrington Mortgage Services has, within the past year, engaged in collection attempts related to plaintiff's loan in behalf of the Stanwich Trust as trustee for Stanwich. Claiming that plaintiff's loan was in default. Upon information and belief, Carrington later transferred its servicing rights to Rushmore Loan Services, LLC.

23.     On September 5, 2014, McCalla Raymer, LLC, acting in behalf of Rushmore, sent plaintiff a letter attempting to collect a debt, demanding payment

8

on plaintiff's promissory note. A copy of this letter is attached hereto as **EXHIBIT H**. McCalla Raymer is one of the largest law firms in Georgia and is regularly hired by the large financial institutions for the purpose of collecting debts evidenced by promissory notes by sending what has been referred to as "dunning" notices and letters to borrowers and initiating foreclosures thru a "notice of sale under power, in the enforcement of security instruments. McCalla regularly uses the mails in sending such notices.

24. Carrington, Rushmore and McCalla regularly engage in the business of collecting debts owed to others in the form of promissory notes and other loan obligations incurred for personal, family or household purposes. Within the year before this complaint was filed, each of these defendants have sent hundreds of demand letters and notices containing the same or substantially similar language to that found in the letter attached as **EXHIBIT H** and regularly use the mails to send such notices to borrowers. Moreover, at the time plaintiff's loan was purportedly transferred to Rushmore, the loan (according to Carrington) was in default. The Defendants Carrington, Rushmore and McCalla, are thus debt collectors within the meaning of 15 U.S.C. § 1692a.

26. Plaintiff alleges that defendants McCalla, Rushmore and Chritiana have falsely represented or have used misleading information in their attempts to

collect/demand payment on plaintiff's promissory note in that (1) defendants, as agents/representatives of Christiana Trust and/or Stanwich, have falsely represented within the past year of the filing of this suit, that Rushmore (and at other times Christiana in behalf of the Stanwich Trust) was the entity to whom plaintiff owed a debt (presumably implying the promissory note executed by plaintiff to BB&T).

27.    However, for the reasons set forth above, neither Rushmore or Christiana ever owned or held plaintiff's Note in their own behalf or in behalf of anyone else and had no right to enforce the Note at any time relevant to this suit. Alleging further, even in the McCalla letter (Exhibit H hereto) McCalla expressly stated that Rushmore "may not be the recorded holder of the Security Deed". Despite acknowledging that Rushmore "may not be the holder of the Security Deed" McCalla stated in the same letter that, "This law firm is seeking to foreclose the creditor's lien on the real estate". McCalla does not however purport to have been hired by the "creditor" but rather "RUSHMORE LOAN MANAGEMENT SERVICES, LLC who is authorized to receive payment on [plaintiff's] loan". McCalla thereby is misleading plaintiff as to its authority to act on behalf of the actual creditor.

28.    Defendants, in addition to attempting to collect a debt, did, thru McCalla, attempt to enforce a security interest when there was no present right to do so based

on the foregoing facts and further communicated false and misleading information regarding the status of plaintiff's debt, specifically that it was due and owing to a defendant named in this suit, all of which conduct is in violation of 15 U.S.C. § 1692e and 1692f(6) without limitation to other possible violations supported by these facts. Plaintiff is thus entitled to all damages occasioned by such conduct, including without limitation, damages for her emotional distress and pain and suffering.

### DECLARATORY JUDGMENT and INJUNCTIVE RELIEF

29.    Plaintiff incorporates the previous allegations and further alleges that because no defendant has a valid interest in either her Promissory Note or Security Deed, she is entitled to a declaration to this effect. If plaintiff is granted such relief, she will be entitled to an injunction barring these defendants from further attempts to enforce the instruments and hereby pleads for such relief.

WHEREFORE, plaintiff respectfully demands judgment as follows:

1.    That the Court declare that defendants have no valid title and rights with respect to plaintiff's property, promissory note or security deed;

2.    That plaintiff recover all compensatory damage and/or economic losses and statutory damages occasioned by their violation(s) of the FDCPA;

3.    That she have and recover of defendants her reasonable attorney fees (if

11

any) associated with this action to the extent such is occurred;

4. That she have a trial by jury on any triable issue;

5. That she have any other and such further relief as to the Court seems just.

This _27_ day of October, 2014.

By: _____

Roseline Charles
944 Acorn Lane
Dacula, Georgia 30019

12

# EXHIBIT- A

9

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: **Roseline Charles** | Case Number: **10-73344** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Branch Banking & Trust Company**<br>**BB&T is servicing this account on behalf of itself or one of its affiliates (hereafter collectively "BB&T").** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>**Branch Banking & Trust Company, Bankruptcy Section/100-50-01-51**<br><br>**PO Box 1847**<br><br>**Wilson NC 27894-1847**<br>Telephone number: **(866) 813-1624** | **Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payments should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** **$394,890.34**<br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** **If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim: |
| **2. Basis for Claim: Money loaned**<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor: 8890**<br><br>    **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br><br>Check the appropriate box if your claim is secured by a lien or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☒ Real Estate   ☐ Motor Vehicle   ☐ Other<br><br>**Describe:** _____<br><br>**Value of Property: $** _____      **Annual Interest Rate 6.00%**<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim, the Trustee has authority to amend the arrearage for post petition payments per the confirmed plan.**<br><br>if any $ **7,216.76**      **Basis for perfection: See Attached**<br><br>**Amount of Secured Claim: $394,890.34**      **Amount Unsecured: $** _____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br><br>$ _____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, explain. | *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br><br>**05/18/10** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>**/s/ Michael J. Ransom**      **Michael J. Ransom, Assistant Vice President** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

BB&T Confidential

```
PAY4 [          ]      AS-OF 05/18/10  PAYOFF CALCULATION TOTALS 05/17/10  11:04:25
NAME R  CHARLES   CONTACT NAME ROSELINE CHARLES
-------------------------------------------------------------------------------
PRINCIPAL BALANCE         382,731.02      ---------- RATE CHANGES ----------
INTEREST 05/18/10           6,810.53  CALC  INT FROM      RATE        AMOUNT
PRO RATA MIP/PMI                 .00        02/01/10   6.00000      6,810.53
ESCROW ADVANCE              8,221.54        05/18/10
ESCROW BALANCE                   .00
SUSPENSE BALANCE            2,000.00-
HUD BALANCE                      .00
REPLACEMENT RESERVE              .00
RESTRICTED ESCROW                .00
TOTAL-FEES                       .00  W 2
ACCUM LATE CHARGES             70.90
ACCUM NSF CHARGES                .00
OTHER FEES DUE                   .00
PENALTY INTEREST                 .00
FLAT/OTHER PENALTY FEE           .00      TOTAL INTEREST            6,810.53
CR LIFE/ORIG FEE RBATE           .00      TOTAL TO PAYOFF         395,833.99
RECOVERABLE BALANCE              .00  NUMBER OF COPIES: 1   PRESS PF1 TO PRINT
-------------------------------------------------------------------------------
```

```
-------------------------------------------------------------------------------
```

| | $395,833.99 |
|---|---|
| - | 943.65 interest |
| + | 0.00 payment received |
| + | 0.00 recoverable fees |
| - | 0.00 late charge |
| - | 0.00 property inspection |
| | $394,890.34 payoff as of 05/03/10. |
| | Regular monthly payment of $3,048.62 |
| | due by 06/01/10. |

```
BANKRUPTCY PROOF OF CLAIM    (PRE-PETITION)                    05/18/10  11:09:29

BANKRUPTCY CASE NUMBER: 10-73344              CHAPTER: 13
          FILING DATE: 05/03/10
          LOAN NUMBER: [        ]      MTGR SSN: [          ]
          LOAN TYPE: CONV RES

*******************************************************************************
                        ESCROW HEADER NOT FOUND
*******************************************************************************




MORTGAGOR   ROSELINE CHARLES

            1944 ACORN LN
            DACULA            GA
            30019

PROPERTY ADDRESS:   1944    ACORN LN        DACULA           GA 30019

CLAIMED    ACKNOWLEDGED  CONFIRMED   CLAIM TOTAL  CONFIRMED TOTAL   PRIN BALANCE
05/03/10                                7,216.76         7,216.76     382,731.02

---------------- PAYMENTS --------------------- --------- LATE CHARGES -------
DUE DATE THRU  DUE DATE    AMOUNT       TOTAL   NUM  AMOUNT              TOTAL
03/01/10   -   03/01/10  1,048.62     1048.62   000     .00               .00
04/01/10   -   05/01/10  3,048.62     6097.24   000     .00               .00

PAYMENT TOTALS:  03/01/10 - 05/01/10   7145.86  000                       .00

-------------------------------- FEES ---------------------------------------

FEE TYPE  FEE DESCRIPTION      CLAIMED    CONFIRMED   AMOUNT PAID
  LC      LATE CHARGES          70.90       70.90        .00

FEE TOTALS:                     70.90       70.90        .00
```

BB&T Confidential

## ADJUSTABLE RATE NOTE

Loan # 07-0000438

(LIBOR Six-Month Index (As Published in The Wall Street Journal) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

02/01/2007       **DULUTH**             **GA**
[Date]           [City]             [State]

1944 ACORN LANE, DACULA, GA 30019
[Property Address]

**1 BORROWER'S PROMISE TO PAY**  In return for a loan that I have received, I promise to pay U S  **$349,851 00**  (this amount is called "Principal"), plus interest, to the order of Lender  Lender is **BRANCH BANKING AND TRUST CO**

I will make all payments under this Note in the form of cash, check or money order

I understand that the Lender may transfer this Note  The Lender, or anyone who takes this Note by transfer and  who is entitled to receive payments under this Note is called the "Note Holder "

**2. INTEREST.**  Interest will be charged on unpaid principal until the full amount of Principal has been paid  I will pay interest at a yearly rate of  **9.250%**  The interest rate I will pay may change in accordance with Section 4 of this Note  The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default as described in Section 7(B) of this Note

**3 PAYMENTS**
**(A) Time and Place of Payments**  I will pay principal and interest by making a payment every month  I will make my monthly payments on the  first  day of each month beginning on  **03/01/2007**  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal  If, on  **02/01/2037** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date "

I will make my monthly payments at 1506 KLONDIKE RD  SUITE 400, CONYERS, GA 30094,
or at a different place if required by the Note Holder

**(B) Amount of My Initial Monthly Payments**  Each of my initial monthly payments will be in the amount of U S **$2,878 14** This amount may change

**(C) Monthly Payment Changes**  Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate I must pay  The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note

**4 INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**  The interest rate I will pay may change on the first day of  **February, 2010**  and on that day every  **6  months** thereafter  Each date on which my interest rate could change is called a "Change Date "

**(B) The Index**  Beginning with the first Change Date, my interest rate will be based on an Index  The "Index" is the average of interbank offered rates for six month U S  dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index "

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information  The Note Holder will give me notice of this choice

**(C) Calculation of Changes.**  Before each Change Date, the Note Holder will calculate my new interest rate by adding  **6 250** percentage point(s) (  **6 250%** ) to the Current Index  The Note Holder will then round the result of this addition to the nearest one-eighth of one-percentage point (0 125%)  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date  The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments  The result of this calculation will be the new amount of my monthly payment

**(D) Limits on Interest Rate Changes**  The interest rate I am required to pay at the first Change Date will not be greater than **12 250%** or less than  **9 250%**  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  **1 000**  percentage point(s) (  **1 000%** ) from the rate of interest I have been paying for the preceding  **6  months** My interest rate will never be greater than  **15.250%**

**(E) Effective Date of Changes**  My new interest rate will become effective on each Change Date  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again

**(F) Notice of Changes**  The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change  The notice will also include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice

**5 BORROWER'S RIGHT TO PREPAY**  I have the right to make payments of Principal at any time before they are due  A payment of Principal only is known as a "Prepayment "  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge  The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note  If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes  My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment  However, any reduction due to my partial Prepayment may be offset by an interest rate increase

**6 LOAN CHARGES**  If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me that exceeded permitted limits will be refunded to me  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me  If a refund reduces Principal, the reduction will be treated as a partial Prepayment

Page 1 of 2

MULTISTATE ADJUSTABLE RATE NOTE–LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL) Single Family–FNMA Form 3520 1/01
Management Systems Development  Inc  (310) 519-3111      Loan Energizer™      &XX_armnt(revised 4/13/06)      Copyright (c) 2005-2006

BB&T Confidential

**7  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**  If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder  The amount of the charge will be   5 0%   of my overdue payment of principal and interest  I will pay this late charge promptly but only once on each late payment

**(B) Default**  If I do not pay the full amount of each monthly payment on the date it is due, I will be in default

**(C) Notice of Default**  If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means

**(D) No Waiver by Note Holder**  Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time

**(E) Payment of Note Holder's Costs and Expenses**  If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses include, for example, reasonable attorneys' fees

**8  GIVING OF NOTICES**  Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address  Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different  address if I am given a notice of that different address

**9  OBLIGATIONS OF PERSONS UNDER THIS NOTE**  If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note  The Note Holder may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10  WAIVERS**  I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor  "Presentment" means the right to require the Note Holder to demand payment of amounts due  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid

**11  UNIFORM SECURED NOTE**  This Note is a uniform instrument with limited variations in some jurisdictions  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note  Some of those conditions read as follows

**Transfer of the Property or a Beneficial Interest in Borrower**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law  Lender also shall not exercise this option if  (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption  Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument  Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____   _____(Seal)          _____   _____(Seal)
ROSELINE Y CHARLES                      -Borrower                                                                  -Borrower


_____   _____(Seal)          _____   _____(Seal)
                                                 -Borrower                                                                  -Borrower


Page 2 of 2                                      *[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL) Single Family--FNMA Form 3520 1/01
Management Systems Development, Inc  (310) 519-3111          *Loan Energizer™*          &XX_amnt          Copyright (c) 2005-2006

BB&T Confidential

ANDERSEN, TATE & CARR, PC
6650 SUGARLOAF PARKWAY, SUITE # 800
DULUTH, GA 30097-4915

17-6467H / Charles

Return To

BK 4 7 5 3 5 PG 0 1 6 9

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

07 FEB -2 PM 2: 00

TOM LAWLER, CLERK

Prepared By
BRANCH BANKING AND TRUST CO

GEORGIA INTANGIBLE TAX PAID
$  1050.00
TOM LAWLER
SUPERIOR COURT GWINNETT
CCUNTY, GEORGIA

-------------------------- [Space Above This Line For Recording Data] --------------------------

# SECURITY DEED

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are also provided in Section 16

**(A) "Security Instrument"** means this document, which is dated  **02/01/2007**  ,
together with all Riders to this document

**(B) "Borrower"** is
**ROSELINE Y CHARLES**

Borrower is the grantor under this Security Instrument

**(C) "Lender"** is   **BRANCH BANKING AND TRUST CO**

Lender is a **CORPORATION**
organized and existing under the laws of  **GEORGIA**
Lender's address is  **1506 KLONDIKE RD   SUITE 400 , CONYERS, GA 30094**
Lender is the grantee under this Security Instrument

**(D) "Note"** means the promissory note signed by Borrower and dated  **02/01/2007**
The Note states that Borrower owes Lender
**Three Hundred Forty Nine Thousand Eight Hundred Fifty One Dollars and No Cents**
(U S  **$349,851 00**   ) plus interest  Borrower has promised to pay  this debt in regular  Periodic Payments and to pay the debt in full not later than  **02/01/2037**

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property "

Initials _____    Initials _____    Initials _____    Initials _____

App # 07-0000438

GEORGIA - Single Family- FNMA/FHLMC  UNIFORM INSTRUMENT  Form 3011 1/01           (Page 1 of 15)
Management Systems Development Inc  (310) 519-3111          Loan Energizer™          &d1_ga_lt (revised 12/12/06)    Copyright (c) 2003-2006


0017839
BB&T Confidential



BK 4 7 5 3 5 PG 0 1 7 0

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest

**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]

☒ Adjustable Rate Rider   ☐ Condominium Rider   ☐ Second Home Rider
☐ Balloon Rider   ☒ Planned Unit Development Rider   ☒ Other(s) [specify]
☐ 1-4 Family Rider   ☐ Biweekly Payment Rider   <u>Waiver of Borrower's Rights</u>

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions

**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization

**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

**(K) "Escrow Items"** means those items that are described in Section 3

**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan

**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

**(O) "RESPA"** means the Real Estate Settlement Procedures Act (12 U S C Section 2601 et seq ) and its implementing regulation, Regulation X (24 C F R Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

**(P) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument

Initials _____   Initials _____   Initials _____   Initials _____   | App # 07-0000438 |

GEORGIA - Single Family- FNMA/FHLMC UNIFORM INSTRUMENT  Form 3011 1/01        (Page 2 of 15)

Management Systems Development Inc  (310) 519 3111        Loan Energizer™        &d1_ga_lt        Copyright (c) 2003-2006

BB&T Confidential

## BK 47535 PG 0171

### TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property

**SEE ATTACHED EXHIBIT "A"**

Parcel ID Number

which currently has the address of  **1944 ACORN LANE, DACULA, GA 30019**
("Property Address")

TO HAVE AND TO HOLD this property unto Lender and Lender's successor and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now  or hereafter  a part of the property  All replacements  and additions  shall also be covered  by this Security Instrument  All of the foregoing is referred to in this Security Instrument as the "Property "

BORROWER  COVENANTS  that Borrower is lawfully seised of the estate hereby conveyed and  has the right to grant and convey the  Property  and  that the  Property  is unencumbered, except for  encumbrances of record  Borrower warrants and will defend  generally the title to the  Property against  all  claims  and  demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows

**1 Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges**
Borrower shall pay when due the principal of and interest on the debt evidenced by the Note and any prepayment charges and late charges due  under the Note  Borrower shall  also pay funds for  Escrow Items pursuant to Section 3   Payments  due under the Note and this Security Instrument shall be made in U S  currency  However, if any  check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender  (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer

Payments are deemed received by Lender when received at the location designated in the Note or at such  other location as may be designated by Lender  in accordance with the notice provisions in Section 15  Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current  Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder  or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not  obligated to apply such  payments at the time such  payments are accepted  If each Periodic Payment

| Initials | Initials _____ | Initials _____ | Initials _____ | App # 07-0000438 |
|---|---|---|---|---|

GEORGIA - Single Family- FNMA/FHLMC UNIFORM INSTRUMENT  Form 3011 1/01      (Page 3 of 15)

Management Systems Development  Inc  (310) 519-3111     Loan Energizer™     &d1_ga_it     Copyright (c) 2003-2004

BB&T Confidential

Page 18 of 24)

Case 1:14-cv-03398-RWS   Document 2   Filed 10/27/14   Page 22 of 40
Case 10-73344-jrs   Claim 4-1   Filed 05/18/10   Desc Main Document   Page 9 of 10

BK 4 7 5 3 5 PG 0 1 8 3

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument

_____ (Seal)
ROSELINE Y CHARLES        -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

STATE OF GEORGIA,          Gwinnett          County ss

Signed, sealed and delivered in the presence of

_____
Unofficial Witness

_____
Notary Public, Gwinnett  County
State of Georgia

| Initials | Initials | Initials | Initials | App # 07-0000438 |
|----------|----------|----------|----------|------------------|

GEORGIA - Single Family- FNMA/FHLMC UNIFORM INSTRUMENT  Form 3011 1/01          (Page 15 of 15)

Management Systems Development Inc  (310) 519 3111          Loan Energizer™          &d1_ga_lt          Copyright (c) 2003-2004

BB&T Confidential

Page 22 of 24)

Case 1:14-cv-03398-RWS   Document 2   Filed 10/27/14   Page 23 of 40
Case 10-73344-jrs   Claim 4-1   Filed 05/18/10   Desc Main Document   Page 10 of 10

BK4753 5PG0187

### EXHIBIT "A"
### LEGAL DESCRIPTION

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 22 OF THE 7TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 149, BLOCK E, IVEY CHASE, UNIT II, PHASE 2A, AS PER PLAT RECORDED PLAT BOOK 112, PAGES 70 AND 71, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE

# EXHIBIT- B

# UNITED STATES BANKRUPTCY COURT

## Northern District of Georgia (Atlanta)

IN RE:                                                      Case Number: 10-73344

Debtors: Roseline Yolette Charles

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the
transfer, other than for security, of the claim referenced in this evidence and notice.

Saxon Mortgage Services, Inc.                    BB&T
_____                  _____

Name of Transferee                               Name of Transferor

P.O. Box 161489                                  Court Claim # (if known): 4
Fort Worth, TX 76161                             Amount of Claim: $394890.34
                                                 Date Claim Filed: 05/18/2010
Phone: 800-594-8422
Last Four Digits of Acct #: 8954                 Last Four Digits of Acct #: 8890

Name and Address where transferee payments
should be sent (if different from above):

Saxon Mortgage Services, Inc.
P.O. Box 161489
Fort Worth, TX 76161

Phone: 800-594-8422
Last Four Digits of Acct #: 8954

I declare under penalty of perjury that the information provided in this notice is true and
correct to the best of my knowledge and belief.

By: ____/s/ Bill Taylor_____          Date: September 24, 2010
      Authorized Filing Agent for Filer

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

ID:4

# EXHIBIT- C

11

51576
00766

BK 5 1 5 7 6 PG 0 7 6 6

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2012 AUG 16 PM 2:00

RICHARD ALEXANDER, CLERK

When Recorded Return To:
Specialized Loan Servicing
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

SLS Loan #: 1005875367
Investor #: 4519951
Investor Code: 01500

## ASSIGNMENT OF SECURITY DEED

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **BRANCH BANKING AND TRUST CO., BY MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, ITS ATTORNEY-IN-FACT, (ASSIGNOR),** by these presents does convey, grant, sell, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to **FV-1, INC. IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC 1585 BROADWAY, NEW YORK, NY 10036 (720)241-7200, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).**

Said Security Deed is executed by **ROSELINE Y CHARLES** to **BRANCH BANKING AND TRUST CO.** and recorded in Deed Book 47535, Page 169, and/or as Instrument # in the office of the Clerk of the Superior Court of GWINNETT County, Georgia.

In witness whereof, the undersigned has hereunto set its hand on July / 25 / 2012 (MM/DD/YYYY).

**BRANCH BANKING AND TRUST CO., BY MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, ITS ATTORNEY-IN-FACT**

By: _____  Vice President

And: _____  Vice President

Witness  DeMetra Bell

Witness  Stephen Foreman

STATE OF Texas   COUNTY OF Dallas
The foregoing instrument was acknowledged before me on 7 / 25 / 12 (MM/DD/YYYY), by Aaron Saunders and Keith Flanagan as Vice President and Vice President respectively for BRANCH BANKING AND TRUST CO., BY MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, ITS ATTORNEY-IN-FACT, who, as such Vice President and Vice President respectively being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Notary Public - State of Texas
Commission expires: 1/6/15

IVETTE P. ROSINSKI
Notary Public, State of Texas
My Commission Expires
January 06, 2015

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
SLSBA 16718796 -@ CJ39919531X   [C] FRMGA1

*16718796*

0083517 -41

# EXHIBIT- D

12

| UNITED STATES BANKRUPTCY COURT | FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Roseline Yolette Charles | Case Number:<br><br>12-61983-JRS | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
FV-I, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC

| | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br>Specialized Loan Servicing LLC<br>8742 Lucent Blvd Suite 300<br>Highlands Ranch, Colorado 80129<br><br>Telephone Number: (800) 315-4757      email: | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br><br>*(If Known)*<br><br>Filed on _____ |
| Name and address where payment should be sent: (if different from above):<br>Specialized Loan Servicing LLC<br>Bankruptcy Department<br>8742 Lucent Blvd Suite 300<br>Highlands Ranch, Colorado 80129<br><br>Telephone Number: (800) 315-4757      email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**       $420,033.90

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**       Money Loaned
(See instruction #2)

| 3. Last four digits of any number by which the creditor identifies debtor:<br><u>xxxxxx5367</u> | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

| **4. Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien or property or a right of setoff, attach required redacted documents, and provide the requested information. | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>$9,719.49 |
|---|---|
| Nature of Property or right of setoff: ☒ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe:       1944 Acorn Lane, Dacula, Georgia 30019 | **Basis for perfection:**       Recordation of Lien |
| **Value of Property:** _____ | **Amount of Secured Claim:**       $420,033.90 |
| **Annual Interest Rate:**   2.0000%   ☐ Fixed  or  ☒ Variable<br>(when case was filed) | **Amount of Unsecured:** _____ |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

**Amount entitled to priority:**

_____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a) (__).

*Amounts are subject to adjustment on 04/01/2013 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)

---

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted.")*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☒ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor. ☐ I am a guarantor, surety, indorser, or other
(Attach copy of power of attorney, if any.) (See Bankruptcy Rule 3004.) codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: | Craig A. Edelman |
| Title: | Authorized Agent for Specialized Loan Servicing, LLC |
| Company: | Brice, Vander Linden & Wernick, PC |

/s/ Craig A. Edelman
Signature

Address and telephone number (if different from notice address above):
P. O. Box 829009
Dallas, TX 75382-9909

08/03/2012
Date

Telephone: (972) 643-6600   Email: pocinquiries@bkcylaw.com

---

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B10Form_Ver001 : 4120-N-2550

B 10 (Attachment A) (12/11)
Chapter: 13

FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
Judge: James R. Sacca      Trustee: Adam M. Goodman:

## Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim.** See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| **Name of debtor:** | Roseline Yolette Charles | **Case Number:** | 12-61983-JRS |
| **Name of creditor:** | FV-I, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC | **Last four digits** of any number you identify the debtor's account: | xxxxxx5367 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date (05/08/2012)

Itemize the principal and interest due on the claim as of the petition date (include in the Amount of Claim listed in item 1 of your Proof of Claim form).

1. **Principal due**　　　　　　　　　　　　　　　　　　　　　　　　　　(1)　**$229,897.10**

2. **Interest due**

| Interest Rate | From | To | Amount |
|---|---|---|---|
| 2.000% | 12/01/2011 | 05/08/2012 | $2,015.82 |

Total interest due as of the Petition date $2,015.82　　　Copy total here **>** (2)　+ **$2,015.82**

3. **Total principal and interest due**　　　　　　　　　　　　　　　　(3)　**$231,912.92**

### Part 2: Statement of Pre-Petition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (include in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | | Dates incurred | Amount | |
|---|---|---|---|---|
| 1. Late Charges | | 1 @ $35.19 incurred on 03/16/12<br>1 @ $35.19 incurred on 04/16/12 | (1) | $70.38 |
| 2. Non-sufficient funds (NSF) fees | | | (2) | |
| 3. Attorney fees | | | (3) | |
| 4. Filing fees and court costs | | | (4) | |
| 5. Advertisement costs | | | (5) | |
| 6. Sheriff/auctioneer fees | | | (6) | |
| 7. Title costs | | | (7) | |
| 8. Recording fees | | | (8) | |
| 9. Appraisal/broker's price opinion fees | AVM fee | 1 @ $47.20 incurred on 10/08/10<br>1 @ $110.00 incurred on 05/25/11<br>1 @ $3.73 incurred on 12/14/11<br>1 @ $115.00 incurred on 04/20/12 | (9) | $275.93 |
| 10. Property inspection fees | | 1 @ $11.35 incurred on 03/09/12<br>1 @ $11.35 incurred on 04/11/12 | (10) | $22.70 |
| 11. Tax advances (non-escrow) | | | (11) | |
| 12. Insurance advances (non-escrow) | | | (12) | |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | | (13) | $2,180.55 |
| 14. Property preservation expenses. | | | (14) | |
| 15. Other. | | | (15) | |
| 16. **Total prepetition fees, expenses, and charges.** Add all of the amounts listed above. | | | (16) | $2,549.56 |

EXAForm_Ver001
4120-N-2550

1

B 10 (Attachment A) (12/11)
Chapter: 13

FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
Judge: James R. Sacca          Trustee: Adam M. Goodman:

## Part 3: Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐ No

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the **petition** date in a form consistent with applicable non-bankruptcy law.

| | | | | |
|---|---|---|---|---|
| 1. | **Installment payments due** | Date last payment received by creditor | | 03/23/2012 |
| | | Number of installment payments due: | (1)  <u>5</u> | |

2. **Amount of installment payments due**

January 2012 to February 2012     2 installments @ $1,397.47 =     $2,794.94
March 2012 to May 2012     3 installments @ $1,458.33 =     $4,374.99

Total installment payments due as of the prepetition date    $7,169.93    Copy total here    > (2)    $7,169.93

3. **Calculation of cure amount**

Add total prepetition fees, expenses, and charges    Copy total here Part 2   >   + $2,549.56

Subtract total of unapplied funds (funds received but not credited to account)    $0.00

Subtract amounts for which debtor is entitled to a refund

Total amount necessary to cure default as of the petition date    (3)    $9,719.49

Copy total onto Item 4 of Proof of Claim form

Your monthly payment amount may change due to an escrow requirement and/or interest rate adjustment. Your current payment amount and any upcoming changes are provided below:

**Effective Date**      **Effective Amount**
06/01/2012      $1,374.15

EXAForm_Ver001
4120-N-2550

2

# EXHIBIT- E

BK 52136 PG 0305

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY. GA

2013 APR -5 PM 2: 00

RICHARD ALEXANDER. CLERK

**Power of Attorney to be recorded
simultaneously herein**

*The purpose of this corrective assignment is to modify the assignee of the previous assignment.
Cross-index to Assignment recorded on 8.16.12 in Deed Book 51576, Page 766, Gwinnett County,
Georgia Records

File No · 594113-FT8
Debtor: Roseline Y  Charles

Return To  Promnic Solutions, LLC
1544 Old Alabama Road
Roswell, GA  30076

### CORRECTIVE ASSIGNMENT

STATE OF  Texas
COUNTY OF  Dallas

For value received, Branch Banking and Trust Company has this day transferred, sold, assigned, conveyed
and set over to FV-1, Inc. as trustee for Morgan Stanley Mortgage Capital Holdings LLC, whose address is 1585
Broadway, New York, NY 10036, as Assignee, its successors, representatives and assigns, all its
right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Roseline Y. Charles
to Branch Banking and Trust Company, dated February 1, 2007, recorded in Deed Book 47535. Page 169. Gwinnett
County, Georgia Records

Property Address: 1944 Acorn Lane, Dacula, GA  30019
The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors,
representatives and assigns, the aforesaid Security Deed, the property described therein, together with all the powers,
options, privileges and immunities therein contained

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this  March 5 , 2013.

Signed, sealed and delivered
in the presence of:

Unofficial Witness

Notary Public
My Commission Expires  1/6/2015

BRANCH BANKING AND TRUST COMPANY By
Morgan Stanley Mortgage Capital Holdings LLC
Its Attorney-in-Fact

By
Printed Name  Kevin Flanagan
Title  Vice President

By:
Printed Name:  Ann Sanders
Title:  Vice President
(Corporate Seal)

IVETTE P. ROSINSKI
Notary Public, State of Texas
My Commission Expires
January 06, 2015

Q0037446

File No  594113

# EXHIBIT- F

14

BK 4 7 5 3 5 PG 0 1 6 8

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

07 FEB -2  PM 2: 00

TOM LAWLER, CLERK

ANDERSEN, TATE & CARR, P.C.
6650 SUGARLOAF PARKWAY, SUITE 800, DULUTH, GEORGIA  30097
File No. 17-6467H/CHARLES

PT-61 #*067-2007-003698*

GWINNETT CO. GEORGIA
REAL ESTATE TRANSFER TAX
$ *349.90*
TOM LAWLER CLERK OF
SUPERIOR COURT

## W A R R A N T Y   D E E D

STATE OF GEORGIA

COUNTY OF GWINNETT

**This Indenture** made this **1st** day of **February, 2007**, between **RISING HOMES, INC., ,** a **Georgia Corporation** as party or parties of the first part, hereinunder called Grantor, and **ROSELINE Y. CHARLES** as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

### W I T N E S S E T H :

That Grantor, for and in consideration of the sum of **TEN AND 00/100'S ($10.00) Dollars** and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 22 OF THE 7TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 149, BLOCK E, IVEY CHASE, UNIT II, PHASE 2A, AS PER PLAT RECORDED PLAT BOOK 112, PAGES 70 AND 71, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.**

**THIS CONVEYANCE IS MADE SUBJECT TO ALL ZONING, GENERAL UTILITY, SEWER AND DRAINAGE EASEMENTS AND RESTRICTIONS OF RECORD AFFECTING SAID PREMISES.**

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE.**

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF,** Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

RISING HOMES, INC.
a Georgia corporation

By: _____
JOSEPH W. ACKERMAN, JR., PRESIDENT

_____
Witness

[CORPORATE SEAL]

_____
Notary Public

BRIAN C. CARMONY
NOTARY
EXPIRES
GEORGIA
NOV 1, 2008

0 0 1 7 8 3 8

# EXHIBIT- G

19



# EXHIBIT- H

20

LAW OFFICES

# MCCALLA RAYMER, LLC

1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

September 5, 2014

Roseline Y. Charles
1944 Acorn Lane
Dacula, GA 30019

| | |
|---|---|
| Our File #: | 594113 |
| Loan #: | 7600031743 |
| Property Address: | 1944 Acorn Lane |
| | Dacula, GA 30019 |

Dear Borrower:

**EXCEPT AS MAY BE NOTED HEREIN, THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The above-referenced loan has been referred to this law firm for handling.

As of the date of this letter, the amount of debt is $443,575.29. Because additional interest, late charges and other charges may accrue, the amount to reinstate or pay off your loan changes daily. Please call our office for complete reinstatement or payoff figures.

The debt is owed to RUSHMORE LOAN MANAGEMENT SERVICES, LLC, who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed.

Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid. If you notify us in writing at the above address within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that if you have previously received a discharge in a Chapter 7 bankruptcy case, your personal liability on this loan may have been extinguished. In that event, the action we have been requested to take would be limited to the foreclosure of the above-referenced property. If you are currently under bankruptcy protection and no relief has been granted to your lender, please fax your bankruptcy case information to us at (888) 371-4980. We may be able to close our file immediately.

This law firm is seeking solely to foreclose the creditor's lien on real estate and will not be seeking a personal money judgment against you on its own behalf, which will not affect the creditor's right to do so as allowed by law.

Sincerely,

McCalla Raymer, LLC*

By: _____

DONALD R. HICKS

*Licensed in Georgia